# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JERMAIN LATWONE HAYNES,

        Petitioner,               Case No. 16-cv-14371
                                        Hon. Matthew F. Leitman

v.

RANDALL HAAS, WARDEN,

        Respondent
_____/

## ORDER TO CORRECT STATE COURT RECORD DEFICIENCY

Petitioner Jermain Latwone Haynes filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 on December 14, 2016. The Court entered an order two days later requiring Respondent to file an answer as well as "the relevant transcripts, the relevant appellate briefs submitted by Petitioner and the prosecution, and the state appellate opinions and orders as required by Rule 5 [of the rules governing habeas corpus petitions]." (ECF No. 4.) Respondent filed an answer on June 20, 2017, along with the Rule 5 materials.

Having reviewed those materials, the Court notes that two transcripts are incomplete: 01-09-2014 Jury Trial Transcript (ECF No. 8-9) and 01-30-2014 Sentence Transcript (ECF No. 8-10). Both filings are a single page, consisting of the first page of the proceeding's transcript with caption and attorneys' names.

A complete copy of the transcripts is necessary to review Petitioner's case. *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003) ("[T]he entire trial transcript, including the closing arguments, should have been reviewed by" the District Court, which "*must* have the trial transcript before it when making habeas determinations."). Rule 5 instructs the state to "attach portions of state court transcripts that it deems relevant, and [to] provide additional transcripts or narrative summaries of state court proceedings upon the court's order." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (citing Rule 5 of the Rules Governing § 2254 Cases). "When this information is required, it is the State's responsibility to provide it." *Id.* at 654.

In addition to the necessity of a complete trial transcript, the entire sentencing transcript is required because one of Petitioner's grounds for relief is the failure by counsel to raise mitigating circumstances at sentencing. The Michigan Court of Appeals cited Petitioner's allocution at sentencing in addressing that issue. *People v. Haynes*, No. 320409, 2015 WL 2412359, at *7 (Mich. Ct. App. May 19, 2015) ("Defendant provided a lengthy statement at sentencing . . ."). Accordingly, the entire sentencing transcript is essential to the Court's review of Petitioner's argument.

Based upon the foregoing, the Court orders Respondent to produce a complete copy of the two transcripts, Jury Trial, Jan. 9, 2014, and Sentencing, Jan. 30, 2014, within twenty-one (21) days of the date of this order or show cause why it is unable to comply with the order.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 8, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 8, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764